■ In the Matter of OBJECTANT No. 37801, Appellant, v. NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.— GREENBLOTT, J. Appeal, by permission, from an order of the Supreme Court at Special Term, entered December 27, 1966 in Albany County, which denied petitioner's motion for partial summary judgment. Petitioner took an examination for promotion to the position of associate attorney in the New York State Department of Health. After the examination was graded, only 19% of the candidates were found to have passed. The remaining 81%, including petitioner, were denied seniority credit. After their objections were reviewed by the Civil Service Commission, petitioner and others similarly situated, brought this article 78 proceeding, alleging several errors. Petitioner then moved for partial summary judgment upon the ground that the commission erred in not adding seniority points to his examination score. The trial court denied the motion upon the theory that the commission acted lawfully in according seniority credit to only those who had passed the examination. Respondents move to dismiss as moot petitioner's appeal, contending that on December 16, 1968, petitioner was appointed to the permanent position of associate attorney in the New York State Department of Health, with the result that he has obtained the relief which he seeks. The motion must be denied since the appeal is not moot, because if petitioner is ultimately successful, it could affect his seniority rights in his present position. Furthermore, this appeal presents a substantial question of law which should be decided in order to present guides for the future conduct of the commission. Accordingly, a discussion of the merits is required. The sole issue presented here is whether petitioner, whose grade was less than passing on the examination, is entitled to seniority points, or whether the Civil Service Commission was correct in adding seniority only to those candidates who received a passing grade on the examination. Subdivision 2 of section 52 of the Civil Service Law provides that: "Promotion shall be based on merit and fitness as determined by examination, due weight being given to seniority. The previous training and experience of the candidates, and performance ratings where available, may be considered and given due weight as factors in determining the relative merit and fitness of candidates for promotion." Petitioner contends that the Legislature has mandated that seniority credits attach to the mark of every candidate on a promotional examination entitled to such credits irrespective of whether or not a passing grade is achieved. Also pertinent is section 6 of article V of the New York Constitution which states: "Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination". The general rule is that the commission has broad discretion in these matters (*Matter of Bates* v. *Lang*, 26 A D 2d 462). "If any fair, reasonable argument may be made to sustain the action the courts should not interfere, even though they may differ from the commission as to its advisability" (*People ex rel. Moriarty* v. *Creelman*,

206 N. Y. 570, 576). The decision of the commission in this case was reasonable. Section 6 of article V of the New York Constitution evidences a strong public policy that merit and fitness should govern the selection of candidates (*Palmer* v. *Board of Educ.*, 276 N. Y. 222). This policy should not be contravened by permitting unqualified candidates to be promoted over qualified candidates simply because they have greater seniority (*Russell* v. *Kern*, 29 N. Y. S. 2d 572). The second sentence of subdivision 2 of section 52 of the Civil Service Law says that previous training and experience " may be considered and given due weight ". It does not say that they must. This language indicates that the commission is empowered to decide what weight seniority is to be given. In our view, the policy of the commission requiring that the candidate pass the examination before he may receive credit for seniority is a good rule. Otherwise, manifestly unqualified candidates may obtain promotion solely because of seniority. Promotions should not be achieved merely by the passage of time. Order affirmed; motion to dismiss appeal denied, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.