■ In the Matter of JOHN GOLDFLUSS, Respondent, v GLORIA BONALI et al., Constituting the Board of Police Commissioners of New Paltz, et al., Appellants. (Proceeding No. 1.) In the Matter of ROBERT GABRIELLI, Respondent, v GLORIA BONALI et al., Constituting the Board of Police Commissioners of New Paltz, et al., Appellants. (Proceeding No. 2.) — Appeals from a judgment of the Supreme Court at Trial Term (Cholakis, J.), entered August 19, 1981 in Ulster County, which, *inter alia,* granted petitioners' applications, in proceedings pursuant to CPLR article 78, for reinstatement to their former positions with the New Paltz Police Department. Both petitioners were employed on a part-time basis for five years as policemen by the combined police force of the Town of New Paltz and Village of New Paltz. Petitioners, who were not hired under a competitive class of the Civil Service Law, performed the same duties as full-time police officers until their suspension and termination for misconduct in 1980 without a hearing. Petitioners commenced separate article 78 proceedings seeking reinstatement and back pay alleging that they were wrongly terminated without receiving a written copy of the charges against them and without the benefit of a hearing as required by section 155 of the Town Law. Trial Term found that section 155 of the Town Law accords petitioners a right to a hearing and they were ordered reinstated. On this appeal, it is respondents' position that petitioners were bound by the collective bargaining agreement entered into between the Board of Police Commissioners and the New Paltz Patrolmen's Association and that pursuant to it they had waived their right to any disciplinary hearing because the contract did not afford such hearing to part-time employees. We disagree. A collective bargaining agreement may replace section 75 of the Civil Service Law as the sole disciplinary procedure for an employee (*Di Lorenzo v Carey*, 62 AD2d 583, 589). In such an

instance, the employee's rights would be totally circumscribed by the agreement. Where, however, a contract neither expands nor diminishes the statutory rights of an employee, his statutory rights continue in full effect. We find such circumstance prevailing here. The agreement did not cover part-time employees and, therefore, their rights pursuant to any applicable statutory law were available to them. Petitioners contend that section 155 of the Town Law applies to them and accords them the right to a disciplinary hearing. The trial court concurred. Respondents, on the other hand, contend that section 155 is inapplicable to petitioners because they are "special policemen" within the meaning of section 158 of the Town Law, and are, therefore, terminable at will. Subdivision 1 of section 158 of the Town Law provides, *inter alia,* that: "The town board of any town of the first class and the town board of any town of the second class which shall have a population of five thousand or more as shown by the latest federal census, whether there be a police department in and for such town or not, may employ temporary police officers from time to time as the town board may determine their services necessary. *Such police officers shall be known as 'special policemen' and shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board.* They shall be subject to the general authority and direction of the town board and to such orders and regulations as the town board may prescribe, not inconsistent with law. *Such special policemen shall serve at the pleasure of the town board* and the town board shall fix their compensation and may purchase uniforms and equipment therefor but no such special policemen shall be appointed nor any expense incurred by reason thereof unless said town board shall have provided therefor in its annual budget, previously adopted, and no expenditure shall be made in excess of the budget appropriation therefor. Such special police shall be appointed in accordance with the civil service law and rules." (Emphasis added.) We concur with the finding that petitioners are not special policemen and that section 155 of the Town Law applies to them.* These petitioners were not employed on a "temporary" basis or "from time-to-time" as called for in section 158 of the Town Law. They worked on a regular basis for over five years preceding their termination. Additionally, they exercised the full authority of police officers rather than the limited powers of constables as is the case with special policemen. Finally, no specific budget allocations were made to hire them as would be required if they were special policemen. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

* Section 155 of the Town Law provides, in part, that: "Except as otherwise provided by law, a member of such police department shall continue in office unless suspended or dismissed in the manner hereinafter provided. The town board shall have the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members of such police department. *Except as otherwise provided by law, no member or members of such police department shall be fined, reprimanded, removed or dismissed until written charges shall have been examined, heard and investigated in such manner or by such procedure, practice, examination and investigation as the board, by rules and regulations from time to time, may prescribe*" (emphasis added).