In the Matter of PATRICIA APUZZO, Respondent, v COUNTY OF ULSTER, Respondent, and ULSTER COUNTY UNIT, ULSTER LOCAL 856 OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered January 7, 1983 in Ulster County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award. In May, 1980, a competitive civil service exam was given in Ulster County for the position of county co-ordinator of child support enforcement. Respondent Ronald Van Wagner had the highest score on the exam and petitioner Patricia Apuzzo had the third highest score. Each was duly certified as one of the three highest applicants on the eligibility list from which the appointment would be made. Van Wagner, however, was

senior in county service to Apuzzo by almost two years. There was in effect at the time a collective bargaining agreement between Ulster County and the Ulster County Unit, Ulster Local 856 of the Civil Service Employees Association (local No. 856) which contained a provision requiring the county to give preference to the senior most qualified employee in filling existing vacancies (including promotions), and an additional provision creating a grievance/arbitration procedure for any dispute concerning a violation of the agreement or with respect to its meaning or application. Apuzzo was appointed to the position on April 1, 1980 and her appointment was made permanent before Van Wagner, in late May or early June, initiated a grievance concerning the county's failure to give him seniority preference as required under the contract. Van Wagner's grievance went to arbitration between the county and local No. 856 and the arbitrator found in favor of Van Wagner. Petitioner then commenced the instant proceeding to vacate the arbitrator's award and the county also cross-moved to vacate. Special Term granted the requested relief, holding that, because the award offended public policy, the arbitrator had made an award exceeding his power and had so imperfectly executed the same that a final and definitive award was not made. The order should be reversed. Because of the laudable purposes of arbitration, there is a clear judicial policy in favor of noninterference in this necessary and desirable alternative to litigation for dispute resolution (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). The public policy exception to the general rule against judicial interference has become increasingly more narrowly restricted. As stated in *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.* (45 NY2d 898, 899), "Only when the award contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility, may it be set aside." In *Sprinzen,* the Court of Appeals held that before courts may intervene on policy grounds, they "must be able to examine an arbitration agreement or an award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, *supra,* p 631). There is nothing in the provisions of the collective bargaining agreement under consideration or in the arbitrator's award which comes close to satisfying the rigorous requirement of the foregoing standard. A public employer's promotional practices may lawfully be the subject of collective bargaining under the Taylor Law (*Matter of Heslin v City of Cohoes,* 74 AD2d 393, 397-398 [dissenting opn], revd on dissenting opn below 53 NY2d 903). The provision in the contract favoring seniority on promotions does not, on its face, require the county to abstain from considering other factors which may be relevant to the merit and fitness of candidates for civil service appointments, as required by the State Constitution (NY Const, art V, § 6). Also, the statutory embodiment of that constitutional policy in favor of merit appointments and promotions in the civil service expressly recognizes the legitimacy of giving "due weight" to seniority (Civil Service Law, § 52, subd 2). Turning to the award itself, the arbitrator's decision contains a finding that, after analyzing and weighing their respective qualifications, Van Wagner's qualifications were at least equal to those of Apuzzo. It was only upon that basis that the arbitrator concluded that the county violated the provisions of the contract which requires that preference be given to seniority. Thus, it cannot fairly be argued that the arbitrator ignored merit factors in determining that, under the circumstances, Van Wagner was entitled to the appointment. The award does not require that Van Wagner be given an immediate *permanent* appointment. Even if it did, Van Wagner had attained the highest score on the competitive exam, had been certified as one of the top three candidates eligible for the appointment, and was otherwise totally qualified. Therefore, compliance with

the arbitrator's award by the county would in no way violate either the letter or the spirit of the basic statutory directives for civil service appointments or promotions to positions in the competitive class (Civil Service Law, §§ 60-65; cf. *Matter of Heslin v City of Cohoes, supra; Matter of Objectant No. 37801 v New York State Dept. of Civ. Serv.,* 33 AD2d 811, mot for lv to app den 27 NY2d 481). Special Term's reliance on a perceived conflict between the arbitrator's award and the provisions of section 75 of the Civil Service Law is equally misplaced. Special Term reasoned that since Apuzzo's appointment had been made permanent before any grievance was filed and since the arbitrator's decision necessarily entails supplanting her by Van Wagner, the award effectively removed her from her position in derogation of her substantive and procedural rights as a permanent civil service employee under section 75. However, the collective bargaining agreement is clear and unambiguous in limiting the county's discretion to appoint permanently or provisionally from an eligible list without regard to seniority and in making disputes over any claimed violation of that contractual limitation on the county's discretion a proper subject for arbitration. Thus, the conclusion is inescapable that, to this limited extent, employee rights against removal from office under section 75 of the Civil Service Law were modified and restricted by the terms of the agreement. Both by statute and case law, such a waiver in a collective bargaining agreement of public employee statutory rights in disciplinary matters is not against public policy, and members of the bargaining unit are bound thereby (Civil Service Law, § 76, subd 4; *Antinore v State of New York,* 40 NY2d 921, affg on opn below 49 AD2d 6; *Matter of Auburn Police Local 195 v Helsby,* 62 AD2d 12, affd 46 NY2d 1034; 1981 Opns Atty Gen 45). Accordingly, Special Term erred in vacating the arbitrator's award on the ground that it offended public policy. Order reversed, on the law, without costs, petition dismissed, and cross motion to confirm granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.