■ EDWARD CARROLL, Respondent, v DAVID GUNN, as President of the New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant New York City Transit Authority which denied petitioner's request to revoke his acceptance of a disciplinary determination demoting him from motorman to railroad clerk, the appeal, by permission, is from an order of the Supreme Court, Kings County (Hirsch, J.), dated September 21, 1984, which denied appellants' motion to dismiss the proceeding as time barred. The appeal brings up for review so much of an order of the same court, dated November 20, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order dated September 21, 1984 dismissed. That order was superseded by the order made upon reargument.

Order dated November 20, 1984 reversed, insofar as re-

viewed, on the law, order dated September 21, 1984 vacated, and appellants' motion to dismiss the proceeding as time barred is granted.

Appellants are awarded one bill of costs.

The appellant New York City Transit Authority (hereinafter the T. A.) instituted disciplinary proceedings against petitioner for an infraction of the rules and regulations of that agency. The disciplinary proceedings were conducted pursuant to article VI of the collective bargaining agreement between the T. A. and petitioner's labor union. After the third step of this mandated disciplinary procedure was completed, petitioner was found guilty of the charges lodged against him and was demoted from motorman to railroad clerk pursuant to the decision of his department head, dated November 22, 1983.

Although petitioner initially exercised his right to appeal the step 3 decision on November 22, 1983, he later changed his mind and elected on November 29, 1983, to accept the step 3 decision and penalty by executing that portion of the step 3 decision designated "Employee Acceptance". Petitioner's acceptance of the decision was countersigned by his union representative. On December 5, 1983, the T. A. implemented petitioner's acceptance of the step 3 decision by demoting him from motorman to railroad clerk.

Thereafter, by letter dated January 13, 1984, petitioner's counsel requested that the T. A. revoke petitioner's acceptance of the step 3 decision and reopen the disciplinary process. This request was denied by the T. A. pursuant to a letter dated January 31, 1984.

The instant proceeding was commenced by service of a notice of petition and verified petition on May 10, 1984. Petitioner alleged, *inter alia,* that he had been under the care of a physician due to an automobile accident and that confusion resulting from medication he had been taking had caused him to fail to comprehend his decision to accept the penalty. Accordingly, petitioner sought to annul the denial by the T. A. of his request to revoke his acceptance of the step 3 decision, to proceed to step 4, and if necessary, to hold a hearing pursuant to Civil Service Law § 75. These remedies were also provided for in the collective bargaining agreement.

Thereafter, appellants moved to dismiss the petition as time barred in that it was not commenced within four months of the appellants' determination. Special Term denied appellants' motion, holding that: "The applicable four-month period of limitation (CPLR 217) did not begin to run until January

31, 1984 when the respondents, in a letter, denied the petitioner's request to revoke his acceptance of the disciplinary determination demoting him from Motorman to Railroad Clerk. This proceeding, which commenced on May 4, 1984, was thus timely brought within four months of that date."

We disagree with the holding of Special Term.

It has been consistently held that "a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees, for example, those in sections 75 and 76 of the Civil Service Law which delineate procedures and remedies available to employees to challenge disciplinary action taken or proposed to be taken against them by their employers" (Dye v New York City Tr. Auth., 88 AD2d 899, affd 57 NY2d 917; Matter of Apuzzo v County of Ulster, 98 AD2d 869, affd 62 NY2d 960).

Pursuant to the collective bargaining agreement between petitioner's labor union and the T. A., petitioner pursued his challenge to the charges lodged against him through the step 3 level. Petitioner received an adverse determination at step 3 on November 22, 1983, and appealed that determination on that day. Thereafter, petitioner changed his mind and on November 29, 1983, signed a form acknowledging his acceptance of that determination. Since article VI of the collective bargaining agreement provided that petitioner had three days to appeal an adverse determination at the step 3 level, he had, at best, three days to withdraw his acceptance of the step 3 determination. Petitioner failed to withdraw his acceptance of the step 3 determination within that time period. Under these circumstances, the T. A.'s implementation of that acceptance, by its demotion of petitioner on December 5, 1983 from motorman to railroad clerk, was a final determination which triggered the running of the four-month Statute of Limitations (see, Matter of De Milio v Borghard, 55 NY2d 216, 219). Since this proceeding was commenced on May 10, 1984, over four months after December 5, 1983, it is time barred (see, CPLR 217). Finally, under these circumstances, neither the petitioner's request, by letter dated January 13, 1984, to rescind his acceptance of the step 3 decision, nor the T.A.'s denial, by letter dated January 31, 1984, of petitioner's request extended or tolled the four-month Statute of Limitations (see, Matter of De Milio v Borghard, supra, at p 220; Matter of Seidner v Town of Colonie, 79 AD2d 751, affd 55 NY2d 613). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.