■ ALBERTHA BROOKS et al., Respondents, v FRANCIS J. PURCELL et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the promotion and appointment of Sara

Smith to the position of housekeeper I, at the Nassau County Department of Social Services A. Holly Patterson Home was in violation of the collective bargaining agreement between the defendant Nassau County and the Civil Service Employees Association and directing the defendants to appoint the plaintiff Brooks to that position, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Balletta, J.), entered May 13, 1986, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, the promotion and appointment of Sara Smith is declared not to be in violation of the collective bargaining agreement, and the complaint is otherwise dismissed (cf., Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

The plaintiffs challenge the promotion of another applicant, Sara Smith, who had less seniority than did the plaintiff Albertha Brooks, to the position in question. The collective bargaining agreement provision applicable here provides that "[a]bility, adaptability and seniority shall prevail insofar as practicable and consistent with the needs of the department".

The county has broad discretion in determining how to use these criteria and in making hiring and promotion decisions, and its decision will not be overturned absent an abuse of discretion (see, Matter of Neubeck v Bard, 275 NY 43; Matter of Apuzzo v County of Ulster, 98 AD2d 869, affd 62 NY2d 960; Matter of Objectant No. 37801 v New York State Dept. of Civ. Serv., 33 AD2d 811, lv denied 27 NY2d 481). The record herein unequivocally establishes that the defendants had a rational basis for concluding that the employee who received the promotion had ability and adaptability superior to that of the plaintiff Brooks, and that the decision to promote the other employee was not an abuse of discretion (Matter of Objectant No. 37801 v New York State Dept. of Civ. Serv., supra, at 812; cf., Matter of Apuzzo v County of Ulster, supra, at 870). The plaintiffs have failed to raise a factual issue as to whether the defendants' determination was irrational or an abuse of discretion, and hence the defendants' motion should have been granted. We find no merit to the plaintiffs' contention that the affidavits and documents submitted in support of the defendants' motion, including comparative evaluations of the applicants by each supervisor and the recommendation by the chief housekeeper, are an insufficient basis on which to grant summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092;

*Zuckerman v City of New York*, 49 NY2d 557, 563). Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.