■ In the Matter of HYE HARRIS, Respondent, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Department of Social Services, dated June 26, 1985, which terminated the petitioner's employment as a caseworker I in that Department, the appeal is from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered February 19, 1987, which annulled the determination and reinstated the petitioner to his position as a caseworker I with all back pay and benefits, less moneys earned from other employment or unemployment insurance benefits.

Ordered that the judgment is reversed, on the law without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

On November 9, 1984, the Commissioner of the Nassau County Department of Social Services appointed the petitioner to the position of caseworker I. The petitioner subsequently completed a 16-week probationary period, and, on March 1, 1985, he was officially designated a permanent employee.

In April 1985 the County of Nassau and the Nassau Chapter of the Civil Service Employees Association (hereinafter CSEA) executed a collective bargaining agreement effective January 1, 1985 through December 31, 1987. Section 10 of the agreement states, in part, that an employee with less than one year of continuous service is not entitled to any disciplinary protection, and that the provisions of the section are in lieu of any and all other statutory or regulatory disciplinary protections. The agreement in effect prior to January 1, 1985, on the other hand, provided that any employee who had passed his probationary period would be entitled to all the protection of Civil Service Law § 75.

The petitioner received written notification from the Commissioner on June 27, 1985, advising him that this employment was to be terminated as of July 3, 1985. The petitioner received neither a hearing nor a statement of charges in connection with his dismissal. After exhausting the grievance process, the petitioner commenced the instant proceeding by verified petition dated June 23, 1986. The petitioner alleged that the appellants had deprived him of due process by dismissing him without a hearing, inasmuch as he had attained the status of a permanent employee and the new agreement had retroactively eliminated the vested rights attendant with that status. The court (Kutner, J.), by judgment entered February 19, 1987, granted the petition and reinstated the petitioner to his former position with all back pay and benefits. This appeal followed.

We find that the Supreme Court improperly granted the petition. The court erred in concluding that the disciplinary protection granted to permanent employees by Civil Service Law § 75 could not be abrogated by section 10 of the collective bargaining agreement. It has been repeatedly held that a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees, such as those in Civil Service Law §§ 75 and 76, which delineate the procedures and remedies available to employees to challenge disciplinary action taken or proposed to be taken against them by their employers *(see, e.g., Carroll v Gunn,* 116 AD2d 686; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, *affd* 62 NY2d 960; *Dye v New York City Tr. Auth.,* 88 AD2d 899, *affd* 57 NY2d 917). It is undisputed that the petitioner is a member of the negotiating unit represented by the CSEA in the contract negotiations and, as such, is bound by the terms of the agreement. Accordingly, he must be deemed to have waived his right to the disciplinary protection of Civil Service Law § 75 by virtue of his implicit assent to the agreement negotiated by his union representative *(see, Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921). We further note that such a waiver does not contravene public policy so as to preclude it from taking effect *(see, Antinore v State of New York, supra).*

We have examined the remainder of the appellants' claims and find them to be without merit. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.