CITY OF NEWBURGH, Plaintiff, v MICHAEL POTTER et al., Defendants.

Supreme Court, Orange County, March 30, 1989

## APPEARANCES OF COUNSEL

*Hitsman, Hoffman & O'Reilly* for plaintiff. *Finkelstein, Kaplan, Levine, Gittelsohn & Tetenbaum, P. C.,* for International Association of Firefighters, AFL-CIO, and others, defendants.

## OPINION OF THE COURT

PETER C. PATSALOS, J.

Motion is granted, and upon reargument, the prior order is recalled and the following substituted in its stead:

The facts are undisputed. Following bargaining negotiations, plaintiff City of Newburgh and defendant Local 589, International Association of Firefighters, AFL-CIO, entered into a collective bargaining agreement, which provided, *inter alia,*

that: "A member who is offered a temporary or acting higher level position and who is on a current Civil Service eligible list for such higher level position shall be required to accept and perform the duties of the higher level position when assigned by the Chief or the Chief's designee in the Chief's absence. In the event such employee refuses the assignment, the employee shall remove his name from the Civil Service eligible list."

After the agreement was duly ratified by the union members by a vote of 43 to 1, each of the individual defendant union members, whose names had previously been placed on the list of employees eligible for promotion to the position of fire lieutenant, refused to accept temporary acting assignment as a fire lieutenant. When defendants challenged the validity of the contractual provision requiring removal from the eligible list for fire lieutenant, plaintiff city commenced this declaratory judgment action to have the provision declared valid *(see, Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, *affg* 42 AD2d 73; *Matter of O'Brien v Board of Educ.,* 71 AD2d 605).* Issue was joined by service of an answer, which contained denials but no affirmative defenses. Both parties have now moved for summary judgment.

It is well settled that collective bargaining under the Taylor Law (Civil Service Law § 204 [1]) has broad scope with respect to the terms and conditions of employment, limited by plain and clear prohibitions in the statute or decisional law *(see, Matter of Board of Educ. v Yonkers Fedn. of Teachers,* 40 NY2d 268; *Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614; *Syracuse Teachers Assn. v Board of Educ., supra).* It has also been repeatedly held that a contract provision in a collective bargaining agreement may modify, supplement or replace the more traditional forms of protection afforded public employees *(see, Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921; *Carroll v Gunn,* 116 AD2d 686).

At bar, defendants cite to provisions of the New York State Constitution and Civil Service Law. Contrary to cases they cite *(see, Board of Educ. v Areman,* 41 NY2d 527; *Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774), however, they fail to demonstrate in what way the constitutional or statutory terms provide any limitation, much less a plain and clear limitation, on the ability of either the public employer or employees to negotiate and reach binding agreement on the matter in question, i.e., holding a place on a list of eligibles *(see, Matter of Susquehanna Val. Cent. School Dist. [Susque-*

*hanna Val. Teachers' Assn.], supra; Board of Educ. v Associated Teachers,* 30 NY2d 122 [grievance provision]; *Antinore v State of New York, supra* [waiver of due process rights]).

Concededly, acceptance of a lesser grade position does not waive one's standing on a list of eligibles for a superior position *(see, Matter of Tjersland v Brennan,* 124 NYS2d 333, *affd* 283 App Div 694, *affd* 308 NY 838). That certainly does not mean, however, that a union cannot bargain away, in the give-and-take of the negotiation process, its members' standing on a list of eligibles under certain conditions. Indeed, in light of appellate decisions upholding waivers of tenure expectations, right to appeal, statutory rights, procedural due process rights and constitutional rights *(see, Gardner v Broderick,* 392 US 273; *Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *Matter of Feinerman v Board of Coop. Educ. Servs.,* 48 NY2d 491; *People v Smith,* 142 AD2d 195) and other decisions recognizing that waivers otherwise permissible may be effected by the employee's exclusive bargaining agent through the collective bargaining process *(see, Matter of American Broadcasting Cos. v Roberts, supra; Matter of Board of Educ. v Nyquist,* 48 NY2d 97; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, *affd* 62 NY2d 960), there can be little doubt that the instant provision that waives an "expectancy" of promotion upon failure to accept a temporary assignment is likewise enforceable. If a union can legally bargain away a member's sacrosanct due process rights *(cf., Antinore v State of New York, supra),* then surely a union can bargain away a member's mere "expectancy" of promotion upon his refusal to accept a temporary assignment, when the union raises no hint of coercion and its membership, in fact, ratified the agreement by a vote of 43 to 1.

The recent *Matter of Harris v Nassau County Dept. of Social Servs.* (134 AD2d 499, *revd* 73 NY2d 886) does not require a different result. There, the Appellate Division upheld a supposed negotiated waiver of an employee's right to disciplinary protections, but the Court of Appeals reversed. That reversal was predicated, however, not upon a determination that such waivers contravene public policy, but rather upon the narrow determination that the collective bargaining agreement had been misconstrued and "there was no contractual waiver of [the employee's] right to procedural protections" *(supra,* at 888). Taking note of cases upholding a waiver of rights, including *Antinore v State of New York (supra),* the high court

stated they were "inapplicable" to the facts presented *(supra,* at 888).

Accordingly, the motion for summary judgment is denied, the cross motion is granted, and it is declared that the provision in question is valid.