■ RAYMOND SHELTON et al., Respondents, v FRANCIS T. PURCELL et al., Appellants, et al., Defendant.—In an action, *inter alia,* for a judgment declaring that the promotion of the defendant Vincent Monteforte to the position of Equipment Operator III was in violation of the collective bargaining agreement between the defendant County of Nassau and the Civil Service Employees Association and directing the defendants to appoint the plaintiff Raymond Shelton to that position, the defendants Francis T. Purcell and the County of Nassau appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated January 9, 1990, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion by the defendants Francis T. Purcell and the County of Nassau for summary judgment is granted, upon searching the record, the cross motion by the defendant Vincent Monteforte for summary judgment is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a

judgment declaring that the appointment of the defendant Vincent Monteforte to the position of Equipment Operator III was not in violation of the collective bargaining agreement between the defendant County of Nassau and the Civil Service Employees Association.

The plaintiffs claim that the promotion of the defendant Vincent Monteforte to the position of Equipment Operator III violated the collective bargaining agreement between the defendant County of Nassau and the Civil Service Employees Association, since he had less seniority than Raymond Shelton. The County contends that the promotion was rationally based on the conclusion that Monteforte was more able and "adaptable" than Shelton. Because we find that there is no question of fact as to whether the promotion was rational, the complaint should be dismissed.

In *Brooks v Purcell* (131 AD2d 620, 621), this court considered whether the County's promotion of an individual who had less seniority than another violated a collective bargaining agreement which, as with the agreement in this case, provided that "[a]bility, adaptability and seniority shall prevail insofar as practicable and consistent with the needs of the department". This court observed that the County had "broad discretion in determining how to use these criteria and in making hiring and promotion decisions, and its decision will not be overturned absent an abuse of discretion" *(Brooks v Purcell, supra,* at 621). In light of the evaluations of the applicants and their supervisors' affidavits, the County was found to have had a rational basis to conclude that the employee who was promoted had superior ability and adaptability. Therefore, the County's motion for summary judgment was granted *(Brooks v Purcell, supra).*

Similarly, in the instant case, the County presented evaluations and affidavits which unequivocally indicated that Monteforte was more able and adaptable than Shelton. Because there is no question of fact as to whether the County had a rational basis to promote Monteforte, the complaint should have been dismissed and an appropriate declaration made. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.