■ ALFRED CROCE, Respondent, v ANTHONY MARISI et al., Appellants. [651 NYS2d 867] —In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Adams, J.), entered October 16, 1995, which, upon an order of the same court, dated August 28, 1995, granting the plaintiff's motion for partial summary judgment on the second cause of action of the amended complaint, and denying the defendants' cross motion for partial summary judgment dismissing that cause of action, is in favor of the plaintiff and against them in the principal sum of $155,583.66.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of damages in accordance herewith.

The parties to this action entered into an agreement wherein the defendants Anthony Marisi and Robert Marisi agreed to purchase the plaintiff's interests in certain corporations. A portion of the purchase price was to be paid in monthly installments over a six-year period, with interest at a rate of 10% per annum. Alleging a breach of the agreement, the plaintiff sought to accelerate the outstanding sum due under the agreement.

It is undisputed on this appeal that upon the filing of the amended complaint, the defendants ceased making payments to the plaintiff as required by the agreement. Although the defendants claim that the plaintiff's conduct in commencing the action constituted a breach of the implied covenant of good faith and fair dealing, thereby excusing their performance under the agreement *(see, Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227, 229; 22A NY Jur 2d, Contracts, § 408), the allegations of bad faith were conclusory

and unsubstantiated *(see, Shelton v Purcell,* 174 AD2d 724, 727; *Falco Constr. Corp. v P & F Trucking,* 158 AD2d 510; *Nelson v Ring,* 136 AD2d 878, 880). The plaintiff was therefore entitled to summary judgment on the second cause of action of the amended complaint.

Nevertheless, the plaintiff concedes that the amount awarded by the Supreme Court includes payments which were made in between the commencement of the action and the filing of the amended complaint. Moreover, it is impossible to determine on this record whether the award includes interest which would have accrued over the full term of the agreement. We therefore remit the matter to the Supreme Court for a determination of the principal amount which was due the plaintiff at the time he filed the amended complaint and the appropriate amount due as interest *(see,* CPLR 5001, 5002). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.