■ In the Matter of GARY GRIPPO, Appellant, v JOHN P. MARTIN, as Superintendent of Highways of the Town of Glenville, et al., Respondents. [686 NYS2d 118] —Mercure, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered November 25, 1997 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents discharging petitioner from his employment with the Town of Glenville Highway Department.

Petitioner began employment in 1986 with the Town of Glenville Highway Department in Schenectady County. He was promoted to the position of light equipment operator in February 1995. On December 20, 1995, the Town enacted a drug and alcohol policy providing for the random testing of employees for drug and alcohol use and specifying various disciplinary actions to be taken following positive test results. Notably, the policy provides that two positive tests within a 10-year period will result in the employee's immediate termination. Petitioner tested positive for drug and alcohol use in August 1996 and, pursuant to the policy, was suspended from his employment for 30 days. Petitioner tested positive a second time on May 15, 1997. He was informed of the test result and the penalty of termination was imposed.

Petitioner thereafter commenced this CPLR article 78 proceeding to challenge his termination. Finding that petitioner's termination was not arbitrary, capricious or unlawful, Supreme Court dismissed the petition. Petitioner appeals, contending that, by creating an "irrebuttable presumption of Petitioner's guilt without affording him the due process of a hearing", the policy is unconstitutional and violative of Civil Service Law § 75.[1] We disagree and accordingly affirm.

Notably, "a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees, for example, those in sections 75 and 76 of the Civil Service Law" (*Dye v New York City Tr. Auth.*, 88 AD2d 899, *affd* 57 NY2d 917; *see*, Civil Service Law § 76 [4]; *Matter of Marin v Benson*, 131 AD2d 100, 102; *Matter of Apuzzo v County of Ulster*, 98 AD2d 869, 871, *affd* 62 NY2d 960; *Matter of Goldfluss v Bonali*, 89 AD2d 708). Thus, an employee may, pursuant to the provisions of a collective bargaining agreement, waive his or her rights pursuant to Civil Service Law §§ 75 and 76 (*see*, *Dye v New York City Tr. Auth.*, *supra*).[2] "Both by statute and case law, such a waiver in a collective bargaining agreement of pub-

---

**1.** Although the petition alleges in a conclusory fashion that the drug testing was invalid and not conducted in accordance with accepted procedures or with adequate safeguards against possible error, that petitioner was not advised in writing of the test results or of the testing procedures employed, that petitioner was given no opportunity to challenge the test results and that the Town violated its labor contract with petitioner's bargaining unit, petitioner's brief on appeal addresses only respondents' failure to conduct an evidentiary hearing such as that provided for in Civil Service Law § 75 (2).

**2.** In any event, it should be noted that petitioner claims in his brief that while this proceeding was pending "the Town conducted the hearing required by Civil Service Law [§ ] 75". Further, although the Town's alcohol and drug

lic employee statutory rights in disciplinary matters is not against public policy, and members of the bargaining unit are bound thereby" (*Matter of Apuzzo v County of Ulster, supra,* at 871). Here, the Town negotiated with petitioner's union to enact the drug and alcohol policy; petitioner was provided with a copy of the policy and, in fact, expressly agreed to its terms by signing it.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

policy provides for the collection and preservation of a split sample of a tested employee's urine, petitioner did not avail himself of the opportunity for independent analysis of the split sample collected on May 15, 1997.