Daniel J. CIAMBRIELLO, Plaintiff,

v.

COUNTY OF NASSAU, Civil Service Employees Association, Inc., Russell Rinchiuso, as Deputy Commissioner of Public Works, and Individually, Richard Cotugno, as acting director of Environmental Operations Department of Public Works, and Individually and Ron Roeill, Defendants.

No. CV 00–3889.

United States District Court, E.D. New York.

April·4, 2001.

Wasserman & Steen, by Lewis M. Wasserman, Patchogue, New York, for plaintiff. .

Bee, Eisman & Ready, LLP by W. Matthew Groh, Mineola, New York, for defendants County of Nassau, Rinchiuso and Cotugno.

Nancy E. Hoffman, William A. Herbert, Albany, New York, for defendants Civil Service Employees Association and Roeill.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Daniel J. Ciambriello ("Plaintiff") commenced this civil rights case alleging that a change in the terms of his employment with Nassau County Department of Public Works was made in violation of his constitutionally protected right to procedural due process. Presently before the court is defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. For the reasons set forth below, the court dismisses Plaintiff's federal claims. The court declines to exercise its discretion to consider the remaining state law claims.

## BACKGROUND

I. *Factual Background*

In light of the fact that this case is presented, at this juncture, as a motion to dismiss, the court will outline here those

facts relevant to the motion that are not in dispute and in the light most favorable to the plaintiff, the non-moving party.

### A. *Plaintiff's Employment*

Plaintiff began his employment with the Nassau County Department of Public Works ("DPW") in November of 1992. At that time, he held the position of Equipment Operator I ("EO–I"). Plaintiff held the EO–I position continuously between November 30, 1992 and August 28, 1997. On August 29, 1997, Plaintiff was promoted to the position of Plant Maintenance Mechanic II ("PMM–II"). Plaintiff held the PMM–II position until March 10, 2000. The court assumes, for the purposes of this motion, that Plaintiff performed all duties in both positions in a competent manner.

At all relevant times, the terms and conditions of Plaintiff's employment were governed by the New York State Civil Service Law as well as by the terms of a collective bargaining agreement (the "CBA") entered into between Plaintiff's collective bargaining unit and the County of Nassau (the "County"). Relevant here is that portion of the Civil Service Law prohibiting the demotion or termination of covered employees in the absence of a finding of incompetency or misconduct, shown after a hearing. *See* N.Y.Civil Serv.L. § 75(1) ("Section 75"). Equally relevant are the terms of the CBA. Specifically, that section of the CBA requiring that seniority, *inter alia,* be considered when promotions are made.

As noted above, Plaintiff was promoted to the position of PMM–II in August of 1997. The court assumes that prior to his March 2000 demotion, Plaintiff's appointment to the PMM–II position became permanent, within the meaning of the Civil Service Law and thus, entitled Plaintiff to the job protection set forth in Section 75 of the Civil Service Law.

### B. *The Grievance and Arbitration Resulting, in Plaintiff's Demotion*

Some time after Plaintiff's promotion, Plaintiff's union commenced a grievance on behalf of four DPW employees with greater seniority than Plaintiff. The grievance argued that Plaintiff's promotion violated the seniority provision of the CBA. Plaintiff was not given notice of the proceeding nor was he invited to participate in the grievance procedure. The grievance resulted in an arbitration and award that was later confirmed by the Supreme Court of the State of New York.

The arbitrator's award, dated February 1, 1999, rendered after a hearing held in January of 1999, sustained the grievance. The award states that when the County failed to consider the employees on behalf of whom the grievance was filed, it failed to follow the contractually required provisions regarding the position of PMM–II and thus, violated the CBA. The arbitrator held that the position held by Plaintiff should be vacated. Thereafter, when filling the position the County was to consider the four grievants. The arbitration award was confirmed by the Supreme Court of the State of New York in a decision dated December 10, 1999. In accordance with the award Plaintiff was ordered to vacate the PMM–II position and was returned to his previously held position of EO–I. The PMM–II position is now held by Ron Roeill, a defendant herein and one of the parties to the grievance.

### II. *Plaintiff's Complaint*

In the action pending before this court, Plaintiff sets forth four separate claims for the relief. Named as defendants are the County, the Civil Service Employees Association, Inc. ("CSEA" or the "Union"),

Russell Rinchiuso, a Deputy Commissioner of the Nassau DPW, Richard Cotugno, Acting Director of Environmental Operations of the Nassau DPW and Ron Roeill, the individual promoted to the job vacated by Plaintiff (collectively "Defendants").

The two federal causes of action allege a violation of 42 U.S.C. § 1983 ("Section 1983") in the form of a deprivation of Plaintiff's right to procedural due process. These claims are pled individually and in the form of a Section 1983 conspiracy. The due process claim alleges that Plaintiff was deprived of his constitutionally protected property interest in his continued employment as a PMM–II without due process of law. Specifically, Plaintiff argues that as a permanent PMM–I he could not be discharged in the absence of a finding of incompetence or misconduct made after a hearing. Plaintiff's two State law claims allege: (1) a breach of the duty of fair representation by the Union and (2) a claim pursuant to Section 75 of the New York State Civil Service law.

### III. *The Motion to Dismiss*

All Defendants move to dismiss. First, Defendants argue that Plaintiff cannot state a claim pursuant to Section 1983 because he cannot establish the deprivation of any constitutionally protected property right to continued employment as a PMM–II. The Union seeks dismissal of the Section 1983 claim on the additional ground that it is not a state actor. Dismissal of the Section 1983 conspiracy claim is sought on the ground that the conclusory allegations of the complaint are insufficient to properly state such a claim.

The Union seeks dismissal of the breach of duty of fair representation claim on the ground that the facts here support no such claim. Dismissal of the claim pursuant to the Civil Service Law is sought on the ground that it is untimely.

After outlining the applicable law, the court will consider the merits of the motions.

### DISCUSSION

### I. *Legal Principles*

#### A. *Standard for Motions to Dismiss*

A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 62 (2d Cir.1997). It is not for the court to "weigh the evidence that might be presented at trial; the Court must merely determine whether the complaint itself is legally sufficient ..." *Rodolico v. Unisys Corp.,* 96 F.Supp.2d 184, 186 (E.D.N.Y.2000).

When considering a motion to dismiss for failure to state a claim, the court can consider the facts as set forth in the complaint, documents attached thereto and those incorporated in the complaint by reference. *Stuto v. Fleishman,* 164 F.3d 820, 826 n. 1 (2d Cir.1999); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). Such consideration includes documents of which plaintiff had notice "and which were integral to their claim ... even though those documents were not incorporated into the complaint by reference." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Cortec Indus. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991).

B. *Stating a Due Process Claim*

 When acting as an employer, the State has a Constitutional obligation not to deprive employees of liberty or property without due process of law. *Donato v. Plainview–Old Bethpage Central Sch. District,* 96 F.3d 623, 626 (2d Cir.1996). To state a due process violation Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. *White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1061–62 (2d Cir.), *cert. denied,* 510 U.S. 865, 114 S.Ct. 185, 126 L.Ed.2d 144 (1993); *Costello v. McEnery,* 1994 WL 410885 *4 (S.D.N.Y. August 3, 1994), *aff'd,* 57 F.3d 1064 (2d Cir.1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process. Relevant here is a discussion of whether Plaintiff has a constitutionally protectible property interest in retaining the PMM–II position under the factual circumstances present.

 The "nature and contours" of claimed property interests are defined not by the Constitution, but by "existing rules and understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Local 342 v. Town Bd. of Huntington,* 31 F.3d 1191, 1194 (2d Cir. 1994) (citations omitted); *see also Greenwood v. New York,* 163 F.3d 119, 122 (2d Cir.1998); *Ezekwo v. New York City Health & Hosp. Corp.,* 940 F.2d 775, 782 (2d Cir.1991). A property interest may include any number of interests that are secured by "existing rules or understandings," *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), including those stated in a contract between the parties. State law and contractual rights create "rules or understandings that support claims of entitlement...."

*Small v. Caiola,* 2000 WL 781080 *3 (S.D.N.Y. June 19, 2000), quoting, *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

 The key to determining whether a claimed benefit rises to the level of a Constitutionally protected property interest is not whether the benefit is contained in a contract between the parties. That is only the starting point. *See Martz v. Village of Valley Stream,* 22 F.3d 26, 30 (2d Cir.1994); *Ezekwo,* 940 F.2d at 782. A right rises to such a level only if it can be characterized as an "entitlement." Federal law alone determines whether a claimed interest rises to the level of an entitlement implicating the protections of the Due Process Clause. *Ezekwo,* 940 F.2d at 782; *Babcock v. Rezak,* 1998 WL 543742 *3 (W.D.N.Y. August 18, 1998). Thus, "to have a property interest in a benefit, a person must have more than an abstract need or desire for it.... He must, instead, have a legitimate claim of entitlement to it." *Ezekwo,* 940 F.2d at 782, quoting, *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Sutton v. Village of Valley Stream,* 96 F.Supp.2d 189, 193 (E.D.N.Y.2000).

 The Second Circuit has made clear that certain public employees have a constitutionally protected property right to continued employment and a hearing prior to termination. That right stems from Section 75 of the Civil Service Law. *O'Neill v. City of Auburn,* 23 F.3d 685, 688–89 (2d Cir.1994); *see Catone v. Spielmann,* 149 F.3d 156, 160 (2d Cir.1998); *Sanni v. New York State Dep't. of Mental Health,* 2000 WL 194681 *10 (E.D.N.Y. February 15, 2000). As noted, Section 75 prohibits the termination or the taking of disciplinary action against covered employees except for incompetence or misconduct shown after a hearing. *See* N.Y.Civ. Serv.L. § 75(1). This right to a pre-depri-

vation hearing exists with respect to termination as well as with respect to a demotion in civil service grade. *Sanni v. New York State Dep't of Mental Health*, 2000 WL 194681 *10 (E.D.N.Y. February 15, 2000).

■ Under New York law, the rights conferred by Section 75 are not absolute. Other sections of the Civil Service Law limit the job security conferred by Section 75. For example, Section 50 of the Civil Service Law allows for the termination of employees upon an investigation revealing, *inter alia*, illegality or substantial irregularity in the initial appointment. N.Y.Civ. Serv.L § 50(h). Additionally, rights granted by Section 75 are subject to modification and/or waiver by the terms of a collective bargaining agreement. *Romano v. Canuteson*, 11 F.3d 1140, 1141 (2d Cir. 1993); *see, e.g., Grippo v. Martin*, 257 A.D.2d 952, 686 N.Y.S.2d 118, 119 (3d Dep't 1999); *Apuzzo v. County of Ulster*, 98 A.D.2d 869, 871, 470 N.Y.S.2d 814, 816 (3d Dep't 1983), *aff'd*, 62 N.Y.2d 960, 962, 479 N.Y.S.2d 191, 192, 468 N.E.2d 29 (1984).

■ Thus, in determining the scope of an alleged property right, the court is not limited to consideration of only Section 75, but also to the totality of the laws and agreements governing the terms of employment between a plaintiff and his public employer. It is only upon this broad consideration that the court can determine the scope of the employee's property right and decide whether or not there is a legitimate claim of entitlement to the particular right alleged to have been violated.

## II. *Disposition of the Motion*

### A. *Documents Considered*

■ At the outset, the court makes clear the documents considered in making the determination herein. While this is a motion directed to the pleadings, it is appropriate, as noted above, to consider certain other documents of which plaintiff had notice "and which were integral [his] claim ... even though those documents were not incorporated into the complaint by reference." *Cortec*, 949 F.2d at 48. Here, those documents are the collective bargaining agreement and the arbitrator's award. Neither party can complain of the court's consideration of these documents since all have relied upon them in their motion papers. For example, Plaintiff relies on the CBA to support the characterization of his PMM–I position as permanent and not probationary. Defendants rely on the CBA in support of the argument that Plaintiff's property right to continued employment is not as broad as claimed in the complaint.

### B. *Plaintiff Does Not Possess the Property Right Alleged*

■ Upon consideration of all materials properly before this court and construction of all facts in favor of Plaintiff, the court holds that while Plaintiff possess certain property rights to continued employment with the DPW, he does not possess the particular right that forms the basis of this lawsuit. A right that, if recognized, would contravene the terms of the CBA.

Plaintiff here claims that he was deprived of his constitutionally protected right to retain his position in the absence of a finding of incompetence or misconduct after notice and an opportunity to be heard. Were this a claim of termination or demotion that involved only Section 75, Plaintiff would clearly state a claim upon which relief could be granted—it is undisputed that Plaintiff was demoted without a Section 75 hearing and no provision of the CBA alters that right in most factual settings. Under the circumstances here,

however, the contours of Plaintiff's property right—the right to which he can argue a "legitimate claim of entitlement"—are drawn not by reference to Section 75 alone, they must incorporate the terms of the CBA that apply to the factual situation at hand.

Here, Plaintiff was demoted because his appointment was found to have been made in violation of the CBA. When both Section 75 and the CBA are considered together, Plaintiff's property right to continued employment (as granted by Section 75) is necessarily limited by the seniority terms of the CBA. Indeed, New York state law, which is the source of Plaintiff's rights, so holds.

To illustrate, in *Apuzzo v. County of Ulster*, 98 A.D.2d 869, 470 N.Y.S.2d 814 (3d Dep't 1983) the Appellate Division of the Third Department held that an arbitrator had properly removed an employee from his position in favor of more senior employee where the removed employee's appointment violated the seniority provision of the relevant collective bargaining agreement. The court rejected the notion that Section 75 of the Civil Service Law prohibited the removal of the less senior employee on the ground that Section 75 was modified and restricted by the union agreement. *Apuzzo*, 98 A.D.2d at 871, 470 N.Y.S.2d at 816.

The New York Court of Appeals agreed that Section 75 was no bar to the removal of the employee in *Apuzzo* because the failure to follow the seniority provision was a "substantial irregularity" within the meaning of Section 50 of the Civil Service Law allowing for immediate removal. *Apuzzo*, 62 N.Y.2d 960, 962, 479 N.Y.S.2d 191, 192, 468 N.E.2d 29 (1984).

Plaintiff's property right to continued employment as a PMM–II is governed by Section 75, as limited by the terms of the CBA. Accordingly, Plaintiff can claim no property right that contravenes the CBA. Because the right sought to be protected here is a right finding no support in the CBA, it is not a right to which Plaintiff had a "legitimate claim of entitlement" and therefore, not a property right upon which a Section 1983 claim can be sustained. Accordingly, the court must dismiss Plaintiff's claims pursuant to Section 1983.

### III. *Remaining Claims*

Having dismissed Plaintiff's Section 1983 claims, the only claims remaining are claims brought pursuant to New York State law. The court declines to exercise its discretion to entertain such claims. The state law claims are, accordingly, dismissed without prejudice.

### *CONCLUSION*

For the foregoing reasons, Defendants' motions to dismiss are granted in their entirety. The Clerk of the Court is directed to close this case.

SO ORDERED.