■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RONALD GRIMES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction after a jury trial of two counts of robbery, second degree, defendant contends that the admission of testimony as to a prior photographic identification constitutes reversible error. Evidence of a prior identification of defendant from a photograph is improper (*People v Lindsay,* 42 NY2d 9; *People v Griffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18, 21). However, in the circumstances of this case the admission of such evidence was harmless error since the other proof of identification and of guilt is clear and strong (*see, People v Johnson,* 32 NY2d 814, 816). Here, both victims testified that they had an opportunity to observe defendant under good street lighting conditions for approximately five minutes. Defendant was apprehended

within a short time thereafter and viewed by one of the victims in a showup procedure which took place close in time and proximity to the crime. It is evident from the record that one of the victims recognized defendant when he saw him, but refused to make a positive identification at that time because of hostile crowd reaction. Moreover, both victims positively identified defendant at the time of trial and such in-court identification had an independent basis.

There is nothing in the record to support defendant's contention that he stood trial wearing identifiable prison clothing; in any event he failed to raise any objection (*see,* CPL 470.05 [2]; *see generally, Estelle v Williams,* 425 US 501, 512-513, *reh denied* 426 US 954). (Appeal from judgment of Onondaga County Court, Murray, J.—robbery, second degree [two counts].) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.