■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MAISONET, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered January 12, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent indeterminate terms of imprisonment of 4½ to 9 years unanimously affirmed. Order of the same court rendered on March 7, 1990, denying defendant's *pro se* CPL 440.10 motion, unanimously affirmed.

Defendant was arrested on February 17, 1987 after he was observed exchanging a glassine envelope for currency. It was determined that the envelope contained heroin. At the close of the *Mapp* hearing, the Court found that the arresting officer had probable cause to arrest the defendant. At trial, the arresting officer made statements which were inconsistent with statements made at the *Mapp* hearing. Specifically, at the *Mapp* hearing, he stated his car was "25 to 35 feet" away, and it took "8" seconds to reach the defendant, whereas at trial he testified that he was "50 to 60 feet" away, and that it took "30" seconds to reach the defendant after the commission of the crime. Further, a defense witness who videotaped the area said the officer was 124 feet away from the defendant when the crime occurred.

The jury's attribution of credibility to one witness over another is entitled to great weight. *(People v Doyle,* 154 AD2d 614, *lv denied* 75 NY2d 769.) Here, any inconsistency in the testimony was squarely placed before the jury, and we discern no basis to disturb its findings.

The defendant also claims improper statements were made by the prosecutor in summation. Arguments and statements that might otherwise be impermissible are proper when made in fair response to statements made by the defense. *(People v Colon,* 122 AD2d 150.)

Defendant's *pro se* CPL 440.10 motion was properly denied. Where such a motion is brought while an appeal is pending and the claims raised in the motion could have been raised in the appeal, the motion should be denied. (CPL 440.10 [2] [b]; *see, People v Gonzalez,* 158 AD2d 615, *lv denied* 76 NY2d 735.)

We find the defendant's remaining contention to be without merit. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.