**Bienbenito FERNANDEZ, Petitioner–Appellee,**

v.

**Arthur A. LEONARDO, Respondent–Appellant.**

**No. 620, Docket 90–2326.**

United States Court of Appeals, Second Circuit.

Argued March 19, 1991.

Decided April 30, 1991.

Annette Cohen, Asst. Dist. Atty., Kew Gardens, N.Y. (John J. Santucci, Dist. Atty. of Queens County, of counsel), for respondent-appellant.

Baldwin Maull, Jr., New York City, for petitioner-appellee.

Before MESKILL, MINER, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Respondent-appellant Arthur Leonardo appeals from a judgment, entered in the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*), granting petitioner-appellee Bienbenito Fernandez' petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). Fernandez was convicted in Queens County Court of murder in the second degree, attempted robbery in the first degree and criminal use of a firearm in the second degree. After exhausting available state remedies, Fernandez sought federal habeas relief. In his petition, Fernandez claimed that his rights under the confrontation clause of the sixth amendment were violated when a pretrial statement made by Fernandez' nontestifying co-defendant, incriminating Fernandez, was admitted into evidence during their joint trial. Fernandez failed to object to the admission of the statement at trial, resulting in a procedural default under New York law. *See* N.Y.Crim.Proc.Law § 470.05(2) (McKinney 1983 & Supp.1991). However, the district court determined that this procedural default did not bar review of Fernandez' constitutional claim, because under the test set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), there existed cause for and prejudice from the default. *Fernandez v. Leonardo*, 742 F.Supp. 55, 62–63 (E.D.N.Y.1990). After considering the merits of Fernandez' petition, the court granted the requested habeas relief.

For the reasons set forth below, we reverse the judgment of the district court and remand with instructions to dismiss the petition for a writ of habeas corpus.

## BACKGROUND

On November 20, 1980, at approximately 12:30 a.m., two men approached Rosa Acosta and Luis Martinez as they were sitting in a car in Corona, Queens. Both men repeatedly demanded "Ten dollars or your life." Acosta, who recognized the two men, responded, "I know you from the neighborhood—how can you do this?" One of the men repeated the demand and then fired two or three shots into the car, hitting Martinez. Martinez was taken to the hospital where he died on the operating table. The police recovered .45 caliber bullets from the body. Acosta later identified petitioner-appellee Bienbenito Fernandez as the gunman and Expedito Valerio as his companion.

On April 7, 1981, the police arrested Fernandez for the murder of Luis Martinez. After being advised of his constitutional rights, Fernandez told the police that he had shot Martinez to obtain money to buy liquor. Fernandez also admitted that he had used a .45 caliber gun in the shooting. Fernandez did not, however, reveal the identity of his companion. One month later, the police arrested Valerio. After the police informed Valerio of his constitutional rights, he recounted his version of the shooting. According to Valerio, as he and Fernandez were walking down the street, Fernandez approached a car, demanded ten dollars and then fired into the car. Valerio's statement incriminating Fernandez was tape recorded.

Prior to trial, the court granted the State's motion to consolidate Fernandez and Valerio's cases for trial. Defense counsel did not object to this motion. At trial, Valerio's statement was admitted into evidence, also without objection. Although Fernandez' counsel failed to object to the State's motion to consolidate, he made three separate motions for severance during trial on the ground that Fernandez and Valerio's defenses were antagonistic. Fer-

nandez' third motion for severance, made after closing arguments, was based on the additional ground that, despite the court's limiting instructions, the jury would improperly consider Valerio's taped statement against Fernandez. The trial court denied the motions. The jury found Fernandez guilty of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree. Valerio was acquitted on all charges.

Relying on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Fernandez appealed his conviction to the Appellate Division, Second Department, contending that his rights under the confrontation clause were violated when the trial court admitted Valerio's statement into evidence and subsequently refused to grant Fernandez' third motion for severance. *People v. Fernandez*, 121 A.D.2d 562, 503 N.Y.S.2d 612 (2d Dep't 1986). The Appellate Division affirmed Fernandez' conviction, finding that the admission of Valerio's statement did not violate Fernandez' constitutional rights because Valerio's statement corroborated and "interlocked" with Fernandez' own confession. *Id.* at 562, 503 N.Y.S.2d at 613; *see, e.g., Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979) (plurality opinion). Before Fernandez' subsequent appeal to the New York Court of Appeals, and approximately five years after his conviction, the Supreme Court decided *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). In *Cruz*, the Court rejected the principle that the confrontation clause permits the admission of a nontestifying codefendant's confession when it "interlocks" with the defendant's own confession. *Id.* at 193, 107 S.Ct. at 1719. Relying on *Cruz*, Fernandez appealed to the New York Court of Appeals, contending that the trial court erred by admitting Valerio's statement into evidence. *People v. Fernandez*, 72 N.Y.2d 827, 526 N.E.2d 38, 530 N.Y.S.2d 547 (1988). The court of appeals affirmed Fernandez' conviction, holding that by not objecting to the admission of Valerio's statement, Fernandez had failed to preserve the argument for appellate review. *Id.; see*

*also* N.Y.Crim.Proc.Law § 470.05(2) (McKinney 1983 & Supp.1991).

Fernandez thereafter filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. The district court, agreeing with the New York Court of Appeals, determined that Fernandez' failure to lodge a contemporaneous objection to the admission of Valerio's statement constituted a procedural default under New York law. *Fernandez v. Leonardo*, 742 F.Supp. 55, 58–59 (E.D.N.Y.1990). Similarly, the court found that Fernandez' failure to move for severance until after commencement of the trial constituted a procedural default. *Id.* However, the court held that Fernandez' procedural default under state law did not bar review of his habeas petition, because there existed cause for and prejudice from Fernandez' failure to preserve the issue for review. *Id.; see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The district court therefore reviewed Fernandez' petition and, finding it meritorious, granted the requested habeas relief. This appeal followed.

### DISCUSSION

The central issue on this appeal is whether there existed cause for and prejudice attributable to Fernandez' failure to make a contemporaneous objection at trial to the admission of Valerio's statement. It is undisputed that Fernandez' failure to note this objection constituted a procedural default under New York law. Under the test set forth in *Wainwright v. Sykes*, 433 U.S. at 87, 90–91, 97 S.Ct. at 2506, 2508–09, unless Fernandez demonstrates cause for the default and actual prejudice, relief based on Fernandez' federal constitutional claim cannot be granted. *See also Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). We first consider whether there existed cause for Fernandez' default.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). For example, a showing that there were no legal grounds upon which reasonably to base a claim or objection would constitute cause for a procedural default. *Id.; see also Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Accordingly, to consider properly whether there existed legal grounds for an objection to the admission of Valerio's statement, we must briefly review the state of the law at the time of Fernandez' trial.

In 1968, the Supreme Court held in *Bruton v. United States* that a defendant is deprived of his or her rights under the confrontation clause when a nontestifying codefendant's confession incriminating the defendant is admitted at their joint trial, regardless of whether the jury is instructed to consider the confession only against the codefendant. 391 U.S. at 126, 88 S.Ct. at 1622. Eleven years later, a plurality of the Court held in *Parker v. Randolph* that the *Bruton* proscription against the admission of a codefendant's confession did not apply when that confession is corroborated in all material respects by the defendant's own confession such that the confessions "interlock." 442 U.S. at 74–75, 99 S.Ct. at 2140. As noted above, five years after Fernandez' 1982 conviction, the Supreme Court decided *Cruz v. New York* and repudiated the interlocking confessions exception to *Bruton*. *Cruz*, 481 U.S. at 193, 107 S.Ct. at 1719.

In support of his habeas petition, Fernandez argued that until *Cruz v. New York* was decided, he did not have legal grounds upon which to object to the admission of Valerio's statement. According to Fernandez, because of the "interlocking confessions" exception to *Bruton* set forth in *Parker v. Randolph*, making such an objection at the time of trial would have been futile. We find Fernandez' argument unpersuasive.

At the time of Fernandez' trial, the applicability of the interlocking confessions exception to a particular trial was sufficiently unsettled to have merited an objection by

Fernandez on *Bruton* grounds to the admission of Valerio's statement. *Parker v. Randolph,* a plurality decision, did not authoritatively fix the parameters of the interlocking confessions exception, but left ample room for debate concerning when confessions truly "interlocked" to warrant their admission at a joint trial. 442 U.S. at 80, 99 S.Ct. at 2143 (Blackmun, *J.,* concurring); *see also Lee v. Illinois,* 476 U.S. 530, 544, 546, 106 S.Ct. 2056, 2063, 2064, 90 L.Ed.2d 514 (1986). Indeed, other defendants tried in New York at approximately the same time as Fernandez relied on *Bruton* to object to the admission of a codefendant's incriminating confession. *See, e.g., Cruz v. New York,* 481 U.S. at 189, 107 S.Ct. at 1717; *People v. Burns,* 84 A.D.2d 845, 846, 444 N.Y.S.2d 671, 673–74 (2d Dep't 1981). That other defendants in New York recognized that *Parker v. Randolph* did not foreclose objection on *Bruton* grounds in cases involving potentially interlocking confessions strongly suggests that there was no cause for Fernandez' procedural default. *Cf. Engle v. Isaac,* 456 U.S. at 134, 102 S.Ct. at 1575 ("Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.")

Moreover, Fernandez' own conduct completely undercuts his contention that he considered an objection on *Bruton* grounds to be futile. A review of the record indicates that Fernandez grounded his belated third motion for severance on *Bruton,* contending that the jury would improperly consider Valerio's taped statement against Fernandez despite the court's limiting instructions. In addition, Fernandez relied squarely on *Bruton* in appealing his conviction to the Second Department. *People v. Fernandez,* 121 A.D.2d at 562, 503 N.Y. S.2d at 613. Fernandez obviously recognized the existence of a *Bruton* claim and could have raised it in a timely fashion at trial. His failure to do so does not constitute cause to excuse his procedural default. *Murray v. Carrier,* 477 U.S. at 486–87, 106 S.Ct. at 2644–45.

As a result of our determination that there did not exist cause for Fernandez' failure to object to the admission of Valerio's statement, we need not reach the issue of whether Fernandez was prejudiced by his procedural default. Because Fernandez has failed to satisfy the cause prong of the test set forth in *Wainwright v. Sykes,* we hold that the district court erred in granting Fernandez' habeas petition.

CONCLUSION

Based on the foregoing, we reverse the judgment of the district court and remand with instructions to dismiss the petition for a writ of habeas corpus.