■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PRITCHETT, Appellant. [670 NYS2d 157] —Judgment unanimously affirmed. Memorandum: Defendant contends that the prosecutor violated Supreme Court's *Sandoval* ruling and that his motion for a mistrial therefore should have been granted. We disagree. The cross-examination of defendant concerning the statement he gave to the police before he was convicted in 1992 did not violate the court's *Sandoval* ruling, and the prosecutor did not question defendant concerning the underlying facts of that conviction. In any event, even assuming, arguendo, that the prosecutor violated the *Sandoval* ruling in that respect, defendant was not thereby deprived of a fair trial (*see*, CPL 280.10).

Defendant further contends that the court erred in limiting defense counsel's cross-examination of a police investigator

with respect to contradictory statements given to the police by a potential prosecution witness. He contends that the court should have permitted that questioning to impeach the credibility of the potential witness. Because the witness had yet to testify, and thus had not been afforded the opportunity to explain the inconsistency, the court properly precluded that evidence (*see, People v Fiedorczyk*, 159 AD2d 585, 586, *lv denied* 76 NY2d 788). Furthermore, the scope of cross-examination of a witness concerning collateral matters designed to impeach credibility is within the broad discretion of the trial court (*see, People v Delcarpio*, 221 AD2d 359, 360, *lv denied* 87 NY2d 920), and the court did not improvidently exercise that discretion (*see, People v Benson*, 225 AD2d 557, 558, *lv denied* 88 NY2d 844; *People v Carney*, 222 AD2d 1006, 1007, *lv denied* 88 NY2d 877).

Defendant's contention that prosecutorial misconduct during voir dire and on summation warrants reversal has not been preserved for our review (*see*, CPL 470.05 [2]; *People v Dawson*, 50 NY2d 311, 316). In any event, the isolated incidents of misconduct by the prosecutor did not deprive defendant of a fair trial (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711; *see also, People v Smith*, 198 AD2d 187, 188, *lv denied* 83 NY2d 810). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.