THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY L. WALKER, Appellant. [688 NYS2d 326] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of sodomy in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (three counts) (Penal Law § 130.65 [3]) and sentencing him to consecutive terms of incarceration aggregating 15 to 30 years. Defendant contends that he was denied his right to a speedy trial (*see*, CPL 30.30); that he was denied a fair trial by being presented to the jury in prison clothing; that the verdict is against the weight of the evidence; that defendant was denied effective assistance of counsel; and that he was denied a fair trial by the prosecutor's summation.

Defendant failed to move to dismiss the indictment on CPL

30.30 grounds. Thus, the statutory speedy claim is waived and may not be raised for the first time on appeal (*see, People v Jordan*, 62 NY2d 825, 826; *People v Adams*, 38 NY2d 605, 607).

Given the failure of defendant to object to wearing prison garb, his contention that he was thereby denied a fair trial is not preserved for our review (*see, People v Owens*, 251 AD2d 1037, *lv denied* 92 NY2d 928; *People v Grimes*, 112 AD2d 711, 712). In any event, the record does not support the contention that defendant was compelled to wear prison clothing (*see, People v Grimes, supra*, at 712), and the curative instruction given by County Court dispelled any prejudice (*see, People v Gallan*, 78 AD2d 904).

Defendant's conviction was based on the credible testimony of the then 11-year-old victim and defendant's own incriminating statement. The jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant was not denied effective assistance of counsel. Defense counsel vigorously cross-examined the People's witnesses, exposed certain inconsistencies in their testimony, followed a definite and coherent defense strategy, and gave opening and closing statements and presented evidence supporting that defense strategy. Defendant thus received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Finally, we conclude that defendant was not denied a fair trial by the prosecutor's summation, which constituted fair response to defense counsel's summation (*see, People v Tanksley*, 258 AD2d 952; *People v Maisonet*, 172 AD2d 274, *lv denied* 78 NY2d 969). In any event, the prosecutor's comments were isolated and not so pervasive or egregious as to warrant a reversal (*see, People v Pritchett*, 248 AD2d 967, 968, *lv denied* 92 NY2d 929). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.