Quincy L. WALKER, Petitioner,

v.

Floyd G. BENNETT, Superintendent, Respondent.

No. 99–CV–6575L.

United States District Court, W.D. New York.

May 15, 2003.

Quincy L. Walker, Elmira, NY, pro se.

John C. Tunney, Steuben Co. District Attorney, Bath, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Petitioner Quincy L. Walker ("Walker") filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Steuben County Court on one count of sodomy and three counts of sexual abuse. Walker contests his conviction on the following grounds: (1) he was denied a speedy trial; (2) his appearance in prison clothing prejudiced his right to a fair trial; (3) the prosecutor engaged in misconduct on summation; and (4) his trial counsel was ineffective. For the reasons set forth below, Walker's § 2254 petition is dismissed.

### FACTUAL BACKGROUND

On August 26, 1995, Walker was brought in for questioning by the Steuben County Police Department after it received reports that Walker had sexually molested the ten year-old daughter of his then-girlfriend. After being read his *Miranda* rights, Walker gave a statement confessing to having engaged in sexual contact with the complainant and was placed under arrest. The Grand Jury indicted Walker on February 27, 1996 on charges of sodomy in the first degree and three counts of sexual abuse in the first degree.

Walker was tried before a jury in Steuben County Court (Bradstreet, J.) on October 8—10, 1996. At trial, Walker's statement to the police was introduced into evidence. Walker denied that he ever confessed as set forth in the statement, which he claimed was the product of coercion by the police. The jury returned a verdict finding Walker guilty on all four counts. Walker was sentenced, as a predicate felon, to consecutive terms of incarceration aggregating 15 to 30 years. Walker appealed to the Fourth Department, which unanimously affirmed his conviction on March 31, 1999. *People v. Walker,* 259 A.D.2d 1026, 688 N.Y.S.2d 326 (4th Dept. 1999). The Court of Appeals denied leave to appeal on August 17, 1999. *People v. Walker,* 93 N.Y.2d 1029, 697 N.Y.S.2d 588,

719 N.E.2d 949 (1999). This federal habeas petition followed.

## DISCUSSION

### *Exhaustion*

Before seeking a writ of habeas corpus in federal court, Walker must have exhausted all available state remedies either on direct appeal or through a collateral attack of his conviction. 28 U.S.C. § 2254(b); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). The exhaustion of state remedies requirement means that Wilson must have presented his constitutional claim to the highest state court from which a decision can be obtained. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (*citing Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991)). To properly exhaust a claim, Wilson must have fairly apprised the state court of the claims' federal nature and of the factual and legal premises underlying the claim. *Grey*, 933 F.2d at 119–20; *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*) (petitioner must have informed the state court of both the factual and legal premises of the claim asserted in federal court), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

An unexhausted claim will be deemed exhausted if state procedural rules bar the petitioner from raising the claim before the New York Court of Appeals. *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir.1997) (a petitioner need not present his federal claim to a state court "if it is clear that the state court would hold the claim procedurally barred") (quotations omitted); *see also* 28 U.S.C. § 2254(b)(1)(B).

Federal habeas review of a procedurally defaulted claim is only possible if the petitioner "can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice,' " i.e., a showing of "actual innocence." *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *accord Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990).

### *The Review Standard*

Because the petition, which was filed on November 5, 1999, postdates the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA's revisions of 28 U.S.C. § 2254 govern this proceeding. *See Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). When Congress enacted AEDPA, it significantly curtailed the role of federal habeas courts in reviewing petitions filed by state prisoners. *Id.* A federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2).

A state court decision is "contrary to" established federal law if the state court either "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams*, 529 U.S. at 405–06, 120 S.Ct. 1495. A state court decision is an "unreasonable application" of Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular case." *Id.* at 407–08, 120 S.Ct. 1495. The Supreme Court made clear that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* In order to justify habeas relief under

§ 2254, the state court's application of clearly established federal law must be "objectively unreasonable." *Id.* at 409, 120 S.Ct. 1495. In sum, a federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal question differently. *Aparicio v. Artuz,* 269 F.3d 78, 94 (2d Cir.2001). The state court's application of the federal law "must reflect some increment of incorrectness such that it may be said to be unreasonable." *Id.* (*citing Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000)).

"A state court determination of a factual issue is, moreover, presumed to be correct." *Overton v. Newton,* 295 F.3d 270, 275 (2d Cir.2002). The state court's determination "is unreasonable only where the petitioner meets the burden of 'rebutting the presumption of correctness by clear and convincing evidence.'" *Id.* (*quoting* 28 U.S.C. § 2254(e)(1)).

Even where the state court decision does not specifically refer to either the federal claim or to relevant federal case law, the deferential AEDPA review standard applies. For the purposes of AEDPA deference, a state court "adjudicate[s]" a state prisoner's federal claim on the merits when it (1) disposes of the claim "on the merits" and (2) reduces its disposition to judgment. *Sellan v. Kuhlman,* 261 F.3d 303, 309 (2d Cir.2001). On the other hand, "[i]f it cannot be determined from the state-court opinion whether the denial of a given claim was based on a procedural ground rather than on the merits, no AEDPA deference is due the state-court decision on that claim." *Rudenko v. Costello,* 286 F.3d 51, 69 (2d Cir.2002).

## MERITS OF THE PETITION

### 1. *Speedy Trial*

 As his first ground for habeas relief, Walker contends that the People denied his request for a speedy trial, and that the Appellate Division erred in holding that his speedy trial claim was not preserved due to counsel's failure to move to dismiss the indictment pursuant to New York Criminal Procedure Law ("C.P.L.") § 30.30. Petition ("Pet'n") at 5; Petitioner's Habeas Br. ("Pet'r Habeas Br.") at 6–8. Respondent argues that this claim has not been exhausted since it was not presented on direct appeal as a violation of "petitioner's *federal constitutional right* to a speedy trial." Respondent's Habeas Br. ("Resp't Habeas Br.") at 3 (emphasis in original). Alternatively, respondent asserts that the claim is procedurally barred because the Appellate Division dismissed it as unpreserved based on *defense counsel's* failure to raise the issue before the trial court. *Id.* I agree with respondent that Walker's speedy trial claim has not been properly exhausted.

 Although Walker asserted a speedy trial claim on direct appeal by citing C.P.L. § 30.30 and various New York state cases, he made no mention whatsoever of the United States Constitution or any federal cases. A New York § 30.30 statutory claim is distinct from a Sixth Amendment speedy trial claim. *Santiago v. McGinnis,* 2002 WL 31946709, at *3 (S.D.N.Y. Oct.21, 2002) (*citing Rodriguez v. Miller,* 1997 WL 599388, at *2 (S.D.N.Y. Sept.29, 1997)). Therefore, a petitioner who raises only a statutory speedy trial claim pursuant to C.P.L. § 30.30 has not invoked the federal constitution and therefore has not "fairly presented" the claim so as to fulfill the exhaustion requirement. *See Delvalle v. Sabourin,* 2002 WL 1000968, at *3 (S.D.N.Y. May 16, 2002) (*citing, inter alia, Gonzalez v. Garvin,* 2002 WL 655164, at *2 (S.D.N.Y. Apr.22, 2002) (asserting a statutory claim under Section 30.30 does not invoke a specific constitutional right)).

 Although a habeas petitioner "'is not required ... to cite chapter and verse

of the Constitution to satisfy the exhaustion rule,'" he must nonetheless "'fairly apprise the state court of a federal constitutional claim by relying on federal and state cases that employ a constitutional analysis, asserting the claim in terms that call to mind a specific right protected by the Constitution, or alleging facts that fall well within the mainstream of constitutional litigation.'" *Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995) (*quoting Daye*, 696 F.2d at 194.) Walker's appellate brief relying solely on C.P.L. § 30.30 is therefore not sufficient to exhaust a federal constitutional speedy trial claim. *Santiago*, 2002 WL 31946709, at *2 (*citing Rodriguez*, 1997 WL 599388, at *2 (holding that "a CPL section 30.30 claim does not present the state court with the same factual and legal issues as a Sixth Amendment speedy trial claim.")); *see also Delvalle*, 2002 WL 1000968, at *3; *Gibriano v. Attorney Gen. of New York*, 965 F.Supp. 489, 491–92 (S.D.N.Y.1997). Thus, Walker's speedy trial claim is unexhausted.

■ In addition, Walker's speedy trial claim is procedurally defaulted because he cannot return to state court to raise it. *See Reyes*, 118 F.3d at 139. Walker has already filed the one direct appeal to the Appellate Division to which he is entitled, and he was denied leave to appeal to the Court of Appeals. *See Aparicio*, 269 F.3d at 91 (*citing* C.P.L. § 450.10(1); New York Court Rule § 500.10(a)). Furthermore, under New York law a petitioner may not obtain collateral review of any claims he could have raised on direct appeal, but did not. *See Aparicio*, 269 F.3d at 91 (*citing* C.P.L. § 440.10(2)(c)). Whether a claim could have been raised on direct appeal depends, in turn, on the adequacy of the record with regard to that claim at the time of the appeal. *See Reyes*, 118 F.3d at 139 (*citing Levine*, 44 F.3d at 126). Because Walker raised a statutory speedy

trial claim on direct appeal, there can be no question that he could have raised a federal speedy trial claim based on the Sixth Amendment as well; the factual grounds for both claims would be substantially the same and would not require the creation of an additional record to permit "adequate review." C.P.L. § 440.10(2)(c).

■ Walker has not attempted to overcome the state procedural default by explicitly asserting cause or prejudice. However, he argues that his counsel was ineffective for failing to move to dismiss the indictment based on the state's refusal to afford him a speedy trial under C.P.L. § 30.30. Pet'n at 6; Pet'r Habeas Br. at 19–20. Although attorney effectiveness can constitute "cause" for a procedural default, it must be more than mere error: "Ineffective assistance will constitute cause when it rises to a constitutional violation of a petitioner's Sixth Amendment right to have the effective assistance of counsel for his defense." *Bloomer v. United States*, 162 F.3d 187, 191 n. 1 (2d Cir.1998) (*citing Coleman v. Thompson*, 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). As discussed below, I find that Walker's defense counsel was not constitutionally ineffective in failing to move to dismiss the indictment pursuant to C.P.L. § 30.30, and therefore his attorney's alleged ineffectiveness cannot serve as cause. Because Walker cannot satisfy the first prong of the cause-and-prejudice test, his speedy trial claim is procedurally barred and not subject to federal habeas review. *Fernandez v. Leonardo*, 931 F.2d 214, 217 (2d Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991) (determination that petitioner lacked cause for default eliminates need to determine prejudice).

**2. *Appearance at Trial in Prison Clothing***

■ Walker claims that he is entitled to have his conviction overturned because he

was "denied a fair trial by being presented to the jury in prison clothing." Pet'n at 5. Respondent does not raise the failure to exhaust as a defense, and I agree that the claim is exhausted. Respondent argues, however, that a procedural default bars it from this Court's consideration because Walker failed to preserve the issue by objecting at the time of trial or otherwise requesting to appear in different clothing. Resp't. Habeas Br. at 3–4.

On direct appeal, the Appellate Division rejected the claim, holding that:

> Given the failure of defendant to object to wearing prison garb, his contention that he was thereby denied a fair trial is not preserved for our review (*see People v. Owens*, 251 A.D.2d 1037, 674 N.Y.S.2d 881, *lv. denied* 92 N.Y.2d 928, 680 N.Y.S.2d 470, 703 N.E.2d 282; *People v. Grimes*, 112 A.D.2d 711, 712, 492 N.Y.S.2d 198). In any event, the record does not support the contention that defendant was compelled to wear prison clothing (*see, People v. Grimes, supra*, at 712, 492 N.Y.S.2d 198), and the curative instruction given by County Court dispelled any prejudice (*see, People v. Gallan*, 78 A.D.2d 904, 433 N.Y.S.2d 206).

In the present case, there is a procedural bar since the Appellate Division "explicitly invoke[d] a state procedural bar rule as a separate basis for decision," *Harris v. Reed*, 489 U.S. at 264, 109 S.Ct. 1038, even though it also ruled "in any event" on the merits of the claim. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir.2000) (where state court stated that a claim is "not preserved for appellate review" and then ruled "in any event" on the merits, such a claim is not preserved) (*citing Glenn v. Bartlett*, 98 F.3d 721, 724–25 (2d Cir.1996) (state decision which denied prosecutorial misconduct claim as not preserved for appellate review represented an independent and adequate state proce-

dural ground even though court addressed merits of claim "in the interests of justice")); *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990) (state decision which denied claims as procedurally barred but then alternatively addressed merits rested on adequate and independent state grounds).

The Second Circuit has held that the failure to object at trial when required by New York's contemporaneous objection rule, C.P.L. § 470.05, is an adequate and independent state ground. *See, e.g., Murray v. Carrier*, 477 U.S. at 485–92, 497, 106 S.Ct. 2639, 91 L.Ed.2d 397; *Bossett v. Walker*, 41 F.3d at 829 n. 2 (respecting state court's application of C.P.L. § 470.05(2) as adequate bar to federal habeas review); *Fernandez v. Leonardo*, 931 F.2d 214, 216 (2d Cir.) (noting that failure to object at trial constitutes adequate procedural default under C.P.L. § 470.05(2)), *cert. denied*, 502 U.S. 883, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991); *Glenn v. Bartlett*, 98 F.3d at 724–25 (failure to object constituted adequate and independent state ground); *Velasquez v. Leonardo*, 898 F.2d at 9 (violation of New York's contemporaneous objection rule is an adequate and independent state ground). The Appellate Division therefore was justified in relying on New York's contemporaneous objection rule to hold that petitioner's claim was not preserved for review.

■ Walker's procedurally defaulted claim can only be reviewed on federal habeas if he makes an adequate showing of cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 748–49, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Although Walker does not specifically plead cause or prejudice to excuse the default in his petition, he asserts an ineffective-assistance-of-counsel claim premised on his attorney's failure to object to Walker's appearance at trial in prison garb. *See* Pet'n at 5. A

defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel. *Aparicio*, 269 F.3d at 91 (*citing Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) & *Murray v. Carrier*, 477 U.S. at 488–89, 106 S.Ct. 2639). This Court's conclusion, discussed *infra*, that Walker's ineffective assistance claim fails on the merits precludes it from serving as "cause" to excuse Walker's procedural default. *See Aparicio*, 269 F.3d at 91. Since Walker has not demonstrated sufficient cause to excuse the default, I need not consider whether he has made a showing of prejudice. *Fernandez v. Leonardo*, 931 F.2d at 217. This claim is procedurally barred from federal habeas review.

### 3. *Prosecutorial Misconduct*

Walker asserts that he was denied his fundamental right to a fair trial as a result of "extremely prejudicial" comments made during the prosecutor's summation. Pet'n at 6; Pet'r Habeas Br. at 14. Respondent argues that this claim is unexhausted because it was "not presented to the Appellate Division federal constitutional grounds." Resp't Habeas Br. at 5.

■ To satisfy the exhaustion requirement, Walker must have "fairly presented" his federal constitutional claims in state court. *Grey*, 933 F.2d at 119. Although he need not have cited "book and verse on the federal constitution," Walker must have articulated the "substantial equivalent" of the federal habeas claim. *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (internal quotations and citations omitted); *see also Daye*, 696 F.2d at194.

■ On direct appeal, Walker couched his prosecutorial misconduct claim solely in state law terms. Neither his initial brief in the Appellate Division nor his reply brief makes any mention of either the United States Constitution or relevant federal case law. However, a claim of improper prosecutorial summation such as the one asserted by Walker does not present issues of state law only. Indeed, New York's case law proscribing certain behavior by the prosecution is grounded in Fifth Amendment due process concerns. *See, e.g., People v. Crimmins*, 36 N.Y.2d 230, 237, 367 N.Y.S.2d 213, 326 N.E.2d 787 (1975) (comment of the prosecutor in summation with respect to defendant's failure to testify on her own behalf was improper and constituted constitutional error under the Fifth Amendment of the Federal Constitution and Article 1, § 6 of the New York State Constitution). Moreover, the facts alleged by Walker are "well within the mainstream of constitutional litigation," *see Daye*, 696 F.2d at 194, as petitioners routinely raise similar claims of prosecutorial misconduct as grounds for federal habeas relief. Thus, Walker's prosecutorial misconduct claim has been adequately presented to the state courts and it is properly before this Court on habeas review.

In rejecting Walker's claim on direct appeal, the Fourth Department stated:

[W]e conclude that defendant was not denied a fair trial by the prosecutor's summation, which constituted fair response to defense counsel's summation (*see, People v. Tanksley*, [258 A.D.2d 952, 685 N.Y.S.2d 564 (4th Dept.1999) ], *People v. Maisonet*, 172 A.D.2d 274, 568 N.Y.S.2d 96 [ (1st Dept.1991) ], *lv. denied* 78 N.Y.2d 969, 574 N.Y.S.2d 949, 580 N.E.2d 421[1991] ). In any event, the prosecutor's comments were isolated and not so pervasive or egregious as to warrant a reversal (*see, People v. Pritchett*, 248 A.D.2d 967, 968, 670 N.Y.S.2d 157 [4th Dept.1998], *lv. denied* 92 N.Y.2d

929, 680 N.Y.S.2d 470, 703 N.E.2d 282 [1998] ).

*People v. Walker*, 259 A.D.2d 1026, 688 N.Y.S.2d 326 (4th Dept.1999). The Appellate Division thus disposed of Walker's improper summation claim on the merits, and this Court must review the issue under the deferential AEDPA standard. *See Sellan*, 261 F.3d 303, 309.

 To succeed on a claim of improper conduct by the prosecution, a habeas petitioner must demonstrate that the prosecutor engaged in " 'egregious misconduct ... amount[ing] to a denial of constitutional due process.' " *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 647–48, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)) (alterations in original). When the alleged misconduct consists of remarks made during the prosecutor's summation, the relevant inquiry is whether the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). A prosecutor's remarks in an otherwise fair proceeding will not form the basis for overturning a criminal conviction. *Bradford v. Keane*, 1996 WL 361593 (E.D.N.Y.1996) (*citing United States v. Young*, 470 U.S. 1, 12, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Rather, the comments must be " 'so prejudicial that they rendered the trial in question fundamentally unfair.' " *Floyd*, 907 F.2d at 355 (*quoting Garofolo v. Coomb*, 804 F.2d 201, 206 (2d Cir.1986)).

 In determining whether there has been substantial prejudice to the petitioner, three factors are of primary importance: " 'the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct.' " *United States v. Perez*, 144 F.3d 204, 209 (2d Cir.1998) (*quoting*

*United States v. Melendez*, 57 F.3d 238, 241 (2d Cir.1995)).

 The prosecutor's remarks to the jury, even if improper, did not result in substantial prejudice to Walker. During summation, the district attorney stated:

> But let's kind of go beyond that for a moment. Because if you believe Mr. Walker, then Scott Richardson first of all Scott Richardson committed a crime yesterday. Let's not fool around, the criminal in the courtroom yesterday was Scott Richardson, a couple of criminals, [the complainant] and Scott Richardson, they committed crimes yesterday if Mr. Walker is telling the truth.

Tr. at 151. At the close of his summation, the district attorney told the jury:

> You have to make the call. And by your verdict, you will tell us whether or not on the evidence in this case, Quincy Walker is the criminal or Scott Richardson, [the complainant], and Jack Beers are the criminals.

Tr. at 157. The Second Circuit has admonished prosecutors to refrain from making statements to the effect that a verdict acquitting a defendant means that the prosecution's witnesses must have lied on the stand. *See United States v. Richter*, 826 F.2d 206 (2d Cir.1987) (overturning criminal conviction on direct appeal where prosecutor forced defendant to call the government's witnesses "liars," mischaracterized defendant's testimony, and stated that if the defendant were to be believed, the jury would have to find that the federal agents "over and over again ... committed perjury."). Such remarks are disapproved because they remove credibility determinations from the province of the jury, *United States v. Weiss*, 930 F.2d 185, (2d Cir.1991), and potentially shift the burden of proof, *see Reeves v. Keane*, 1993 WL 147538 at *6 (S.D.N.Y. May 5, 2001) (*citing Sandstrom v. Montana*, 442 U.S.

510, 520–21, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).

The Supreme Court nevertheless has held that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. at 11, 105 S.Ct. 1038. Accordingly, the challenged remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. *Id.* In other words, the reviewing court "must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly[;][i]n this context, defense counsel's conduct, as well as the nature of the prosecutor's response, is relevant." *Id.* at 11–12, 105 S.Ct. 1038.

Courts in this Circuit have held that remarks similar to those made by the district attorney at Walker's trial were not improperly made where they were in response to the defendant's summation. *See Crawford v. Keane*, 2001 WL 913947, at *6 (S.D.N.Y. Aug.14, 2001) (prosecutor's statement that the jury "must also accept that all the witnesses against [petitioner] are lying. Not mistaken, not inaccurate, but actively lying ..." was merely responding to defense counsel's suggestion that the State's witnesses were lying); *see also Wallace v. Leonardo*, 827 F.Supp. 150, 155 (W.D.N.Y.1993) (prosecutor who, among other things, stated that in order for the jury to find petitioner innocent, they must believe that the prosecution witnesses were all lying, did not engage in prejudicial conduct).

■ During his summation, defense counsel attacked the credibility of the complainant and the police officers, and suggested that both the complainant and

the officers had strong motives to fabricate their testimony against Walker. *See* Tr. at 136–145. Although the prosecution has greater leeway in commenting on the credibility of its witnesses when the defense has attacked that credibility, *see Perez*, 144 F.3d at 210 (citations omitted), the district attorney should have refrained from making the comments at issue here. *See Richter*, 826 F.2d at 209. Even if improper, the remarks still fall short of the level of egregious misconduct necessary to warrant habeas relief and did not result in substantial prejudice to Walker. The trial judge properly and adequately instructed the jury regarding the prosecution's burden of proof and thereby remedied any dilution or shifting that may have occurred. *See Wallace*, 827 F.Supp. at 155; *Reeves v. Keane*, 1993 WL 147538, at *7–8 (S.D.N.Y. May 5, 1993). Furthermore, the evidence produced at trial to support Walker's conviction was compelling, and it is difficult to believe that the challenged statements made the difference. *See Reeves*, 1993 WL 147538, at *7–8 (*citing United States v. Modica*, 663 F.2d at 1182). Finally, these were isolated remarks in an otherwise temperate summation, and Walker's trial was a fair proceeding overall. Consequently, I cannot find that the Appellate Division's rejection of Walker's claim that the prosecutor's comments denied him a fair trial was an "unreasonable application" of clearly established federal law. The prosecutorial misconduct claim is therefore dismissed.

### 4. *Ineffective Assistance of Counsel*

Walker alleges that he is entitled to habeas relief based on his trial counsel's ineffectiveness in (1) failing to move to dismiss the indictment based on C.P.L. § 30.30, New York's statutory "speedy trial" provision; (2) failing to move to suppress Walker's statement to the police; (3) failing to object to his appearance in prison

clothing at trial; and (4) failing to object to allegedly improper remarks by the District Attorney during summation. Pet'n at 6; Pet'r Habeas Br. at 19–20. Respondent does not raise the failure to exhaust with regard to any of the grounds asserted in support of Walker's ineffective assistance claim, and I find that this claim has been properly exhausted.

In disposing of this claim, the Appellate Division held that:

> Defendant was not denied effective assistance of counsel. Defense counsel vigorously cross-examined the People's witnesses, exposed certain inconsistencies in their testimony, followed a definite and coherent defense strategy, and gave opening and closing statements and presented evidence supporting that defense strategy. Defendant thus received meaningful representation (*see People v. Baldi*, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400 [ (1981) ]).

259 A.D.2d 1026, 1026, 688 N.Y.S.2d 326.

To prevail on a claim of ineffective assistance of counsel, Walker must show both that counsel's representation was unreasonable under "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that he was prejudiced by that representation. *Id.* at 691, 694, 104 S.Ct. 2052. "Prejudice occurs where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.... A reasonable probability is a

probability sufficient to undermine confidence in the outcome.'" *Id.* If a petitioner fails to make an insufficient showing as to either of these two prongs of inquiry, i.e. deficient performance or actual prejudice, a federal habeas court may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

*Counsel's Failure to Move to Dismiss the Indictment*

Walker alleges that his trial counsel was ineffective for failing to move to dismiss on speedy trial grounds [1], where such motion allegedly would have been dispositive. Pet'r Habeas Br. at 19.

■ If a speedy trial motion likely would not have succeeded, defense counsel's failure to make the motion does not constitute ineffective assistance because no prejudice inures to the petitioner in such a case. *See Erdheim v. Greiner*, 22 F.Supp.2d 291 (S.D.N.Y.1998) ("Since petitioner has not proved that he had a meritorious speedy trial claim, there is no reasonable probability that his counsel's failure to raise the motion affected the outcome of the case."); *see also Boyd v. Hawk*, 965 F.Supp. 443, 450 (S.D.N.Y. 1997); *Romero v. Keane*, 1993 WL 228076 at * 5 (S.D.N.Y.1993).

■ Here, the record establishes that there was no speedy trial violation. The action was commenced with Walker's arrest on August 26, 1995, and Walker was arraigned in County Court 188 days later on March 1, 1996. The People announced

---

1. Under New York law, a motion to dismiss the indictment must be granted if the State is not ready for trial within six months of the commencement of a criminal action. C.P.L. § 30.30(1)(a). A criminal action is commenced as soon as an accusatory instrument is filed in a criminal court. C.P.L. § 1.20(17). C.P.L. § 30.30(4) tolls the six-month limitations period where there is, *inter alia:* (1) "a reasonable period of delay resulting from other proceedings concerning the defendant, in-

cluding but not limited to: ... pre-trial motions; ... and the period during which such matters are under consideration by the court" (§ 30.30(4)(a)); a "period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel ..." (§ 30.30(4)(b)); or (3) a "period during which the defendant is without counsel through no fault of the court" (§ 30.30(4)(f)).

"trial readiness" at Walker's arraignment. If defense counsel had not requested any adjournments or if Walker had not been without counsel for any of that time, then the six-month window under C.P.L. § 30.30 would have expired four days earlier on February 26, 1995. Respondent alleges that Walker was without counsel "through no fault of the Court" from August 26, 1995 until September 28, 1995. Resp't Habeas Br. at 3. According to the Hornell City Court docket, a County public defender was assigned to Walker on September 14, 1995, and the case was adjourned until September 21, 1995. *See* Rule 1000.3 Appendix. The docket does not indicate at whose request the adjournment was made. *Id.* Assuming that Walker was without counsel from August 26, 1995 until September 14, 1995, this still results in the exclusion of 19 days pursuant to C.P.L. § 30.30(4)(f). In addition, defense counsel requested an adjournment from September 21, 1995 until September 28, 1995, resulting in 7 more days which are excluded under the statute. *See* C.P.L. § 30.30(4)(b); Rule 1000.3 Appendix. Thus, at least 26 days are excluded from the six-month limitations period because Walker was without counsel for a portion of that time. In addition, defense counsel requested an adjournment.

In Walker's case, a speedy trial claim based on C.P.L. § 30.30 would not have been successful, and his defense counsel was not ineffective in failing to make such a motion. Walker's ineffective assistance of counsel claim thus fails the "actual prejudice" prong of *Strickland v. Washington* and must be dismissed.

*Appearance at Trial in Prison Clothing*

Walker claims that trial counsel was ineffective because he failed to object when Walker was compelled to appear throughout the trial in prison garb. In *Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the Supreme Court

held that it is a due process violation to compel an accused to stand trial before a jury while dressed in prison clothing. "Because the 'particular evil proscribed' is compulsion, a defendant must properly object [to appearing in that manner.]" *United ed States v. Hurtado,* 47 F.3d 577, 581 (2d Cir.1995) (*citing Estelle,* 425 U.S. at 507–10, 96 S.Ct. 1691). Thus, the Supreme Court held in *Estelle* that "although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle,* 425 U.S. at 512–13, 96 S.Ct. 1691 (no compulsion where represented defendant did not object "either before or at any time during the trial").

The Supreme Court suggested in *Estelle v. Williams* that it is a reasonable defense strategy "to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." *Id.* at 507–08, 96 S.Ct. 1691. This consideration would bear upon whether a lawyer's failure to object to his client's appearance in his prison uniform falls below "an objective standard of reasonableness" under *Strickland.* Here, however, Walker claims that he "brought his concerns for not having the proper clothing to the attention of his trial counsel" who allegedly told him to "just forget about it." Pet'r Habeas Br. at 9. Respondent asserts that Walker has not shown that his appearance in prison clothes "was a function of anything other than his choice," and further that he failed to raise the issue at the proper time. Resp't Habeas Br. at 4. *See also, People v. Walker,* 259 A.D.2d. at 1026, 688 N.Y.S.2d 326.

 As an initial matter, I note that the record does not support the contention that Walker was compelled to wear prison clothing to his trial. Even if counsel's judgment in failing to object to his appearance in prison garb was professionally unreasonable, no prejudice has been shown. Walker asserts that the prejudice resulting from his appearance in prison cloths is "manifest" since two witnesses identified him as the person wearing "the olive green uniform" and "the green cloth," and his counsel referred to the fact that he was in prison clothing on summation. Although the Supreme Court has stated that prejudice is presumed in certain Sixth Amendment contexts such as the denial of counsel and "various kinds of state interference with counsel's assistance," *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052, Walker's case does not fall within one of these contexts. Rather, because his ineffectiveness claim asserts "a deficiency in attorney performance," it is subject to the "general requirement that the defendant affirmatively prove prejudice." *Id.* at 693, 104 S.Ct. 2052. Walker therefore "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Here, the trial court remedied any potential prejudice resulting from the jurors' viewing Walker in his prison clothes with a curative instruction. *See Hurtado*, 47 F.3d 577, 582 (*citing United States v. Taylor*, 562 F.2d 1345, 1359 (2d Cir.), *cert. denied*, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977)); Tr. at 174–75. Moreover, regardless of what wearing jail clothes might have implied about Walker, Walker expressly admitted on the stand that he had three prior criminal convictions. Finally, the evidence of guilt was compelling: Walker confessed to sexually abusing the complainant in a signed statement, which this Court found was properly admitted, *see infra*, at 30–40. Moreover,

the complainant testified credibly against Walker and she was not significantly impeached. In short, Walker has not shown that there is a reasonable probability that the jury would have acquitted him if he were not wearing prison clothing. Walker's ineffective assistance of counsel claim based on the failure to object to his appearance at trial in prison garb therefore is denied.

### Suppression of Statement to Police

 Walker contends that his trial counsel was ineffective because he failed to move to suppress his statement to the police made while he was in custody but before he was arrested. Pet'n at 6; Habeas Br. at 19–20. Walker asserts that his statement to police was the "product of deception" and that the "police made threats to coerse (sic) [him] to sign the statement he had not read." Habeas Br. at 19. Respondent asserts that this branch of Walker's ineffectiveness claim is without merit since Walker failed to show that there was "a factual basis upon which a suppression application could have been meaningfully pursued." Resp't Habeas Br. at 6

The Second Circuit has held in several cases that counsel's failure to make a suppression motion for which there is no legal basis is not indicative of ineffective assistance. *Lebron v. Mann*, 844 F.Supp. 140, 146–47 (E.D.N.Y.1994) (counsel's failure to file motion to suppress petitioner's statement to officer at scene of crime fell short of the *Strickland* ineffectiveness standard where there was no evidence that statement had been coerced, and because petitioner not in custody, no need to give *Miranda* warnings) (*citing United States v. Torres*, 845 F.2d 1165, 1172 (2d Cir. 1988); *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir.1987) ("We are understandably reluctant to require defense counsel routinely to file boilerplate motions

merely to vindicate their professional competence without regard for the grounds supporting such motions."); *United States v. Caputo*, 808 F.2d 963 (2d Cir.1987)); *see also Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (failure to make a suppression motion is not *per se* ineffective representation).

▉ "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," the petitioner must show actual prejudice by proving "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman*, 477 U.S. at 375, 106 S.Ct. 2574. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052. Here, Walker cannot fulfill his burden of showing actual prejudice.

At trial, Sergeant Beers testified that he read Walker the *Miranda* warnings from a printed waiver of rights form which he then had Walker sign. Tr. at 111–114. Walker denied that Beers read the form to him; instead, he stated that Beers "asked me did I know my rights and I told him yes and I signed it." Tr. at 116. Walker testified that Officer Richardson questioned him about having improperly touched the complainant and that even though he denied all of the allegations, Richardson nevertheless began typing a statement. Tr. at 116–117. Walker testified that Richardson told him that the police could take his son away from him, and that Richardson threatened him with prison. Tr. at 119. According to Walker, Richardson told him that if he signed the statement, he could go home. Tr. at 119–120.

Richardson testified that Walker voluntarily gave the statement after Richardson confronted him with the complaint received from the victim; Richardson stated that Walker "would tell [him] something, [he] would type it and read it back to [Walker], indicate how [Walker] wanted it down." Tr. at 70. Richardson testified that he gave the statement to Walker to read, that Walker appeared to read it, and that Richardson then read the statement aloud to Walker before he signed it. Tr. at 71. Richardson denied promising anything to Walker or threatening him. Tr. at 72.

Here, Walker cannot demonstrate that a motion to suppress the statement was meritorious. First of all, Walker has presented no credible evidence that the police coerced him into giving the statement. Had there been a suppression hearing, the trial court would have had before it Walker's signed waiver of rights form and his signed statement. Presumably, when an individual places his signature on a statement attesting that he has read and understood the contents of the statement, he has in fact done so.[2] The only evidence to refute the presumption that Walker read his statement before he signed it is Walker's testimony to the contrary, which was implausible: Walker testified that this incident was not the first time he had dealt with the police; in fact, he had three prior criminal convictions. Tr. at 122–123. Walker claimed that despite having been arrested on three previous occasions, he signed the statement on August 26, 1995 without reading it and without knowing what it said. Tr. at 124. He stated that no matter who asks him to sign something,

**2.** Of note is the fact that Walker was able to read from the statement without difficulty at trial. Tr. at 126.

"[he] always sign[s] when they ask [him] to sign." Tr. at 124; *see also* 125; 127 ("But I sign, that's what I do (sic) all my papers, sir, sign.").

In light of the record before it, the Court cannot say that a motion to suppress Walker's statement to the police would have been successful. Because Walker has failed to demonstrate actual prejudice, his Sixth Amendment claim premised on counsel's failure to move to exclude his confession is without merit.

*Failure to Object to Improper Remarks by the Prosecutor*

 Walker contends that his trial counsel was ineffective in failing to object to the District Attorney's alleged improper remarks during summation. Pet'n at 6; Pet'r Habeas Br. at 20. Respondent argues that the prosecutor's comments constituted "fair comment" on Walker's testimony and were responsive to counsel's claims that the victim and the police had lied. Resp't Habeas Br. at 6.

Walker is unable to establish prejudice based on counsel's failure to object to the prosecutor's remarks. First of all, even if counsel had objected to the comments, Walker's challenge would have proven fruitless on appeal. *See Flores v. Keane,* 211 F.Supp.2d 426, 435 (S.D.N.Y.2001) (counsel failed to preserve objection to prosecutor's comments; petitioner unable to establish prejudice to excuse procedural default where state court held that if it were to consider claim, it would find it unmeritorious). Despite counsel's failure to object at trial, the Appellate Division reviewed the prosecutorial misconduct claim and found that the prosecutor's summation constituted fair response to the defense summation. *See People v. Walker,* 259 A.D.2d 1026, 688 N.Y.S.2d 326. Moreover, the district attorney's remarks did not infect the entire proceeding with unfairness, and therefore did not substantially prejudice Walker. *See supra* at 35–36.

Because Walker cannot demonstrate that he suffered actual prejudice as a result of counsel's omission, his ineffective assistance claim fails. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Accordingly, Walker's ineffectiveness claim grounded on his attorney's failure to object to the alleged prosecutorial misconduct is denied.

## CONCLUSION

For the reasons stated above, Quincy L. Walker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Further, because Walker has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.